FILED
2018 Feb-16 AM 08:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **J LESTER ALEXANDER, III** *IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF FRANKLIN PHARMACY, LLC,*<br><br>    **Plaintiff,**<br><br>vs.<br><br>**TIMOTHY AARON, ET AL,**<br><br>    **Defendants.** | Civil Action Number<br>**3:15-cv-01314-AKK** |

## MEMORANDUM OPINION AND ORDER

The court has for consideration J. Lester Alexander's Motion to Withdraw Reference, doc. 318, and the Post-Confirmation Creditors Committee's objection to the motion, docs. 320 & 329. The motion arises out of a long-running dispute. Alexander, the Liquidating Trustee of Franklin Pharmacy, LLC ("the Trustee"), filed suit against multiple defendants, alleging that they fraudulently conveyed funds and assets from Franklin to another entity called Florida Pharmacy Solutions, Inc. (FPS). *See generally* doc. 1. The Trustee has informed the court that he has reached a settlement agreement with all remaining defendants, s*ee* docs. 321 & 328, and argues that withdrawal of the reference is necessary to preserve the limited assets of the estate. After reading the briefs and considering the relevant law, and with the benefit of oral argument, the court denies the motion.

District courts have original and exclusive jurisdiction of all cases under Title 11 of the Bankruptcy Code, 28 U.S.C. § 1334(a), but may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the Bankruptcy Court. 28 U.S.C. § 157(a). Relevant here, district courts may withdraw the reference, however, in certain circumstances:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The first sentence of this section, which allows for permissive withdrawal "for cause shown," *id.*, is the one in contention here. *See* doc. 318-1 at 7. As such, the court must determine whether the Trustee has met his burden of demonstrating adequate cause for withdrawal. 28 U.S.C. § 157.

Cause, which is not defined in the statute, "is not an empty requirement." *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000). In addressing similar motions, district courts in this circuit have cited to a footnote in *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991), as evidence that the circuit has endorsed the use of the following factors outlined by the Fifth Circuit: 1) advancing uniformity in bankruptcy administration; 2) decreasing forum shopping and confusion; 3) promoting the economical use of the parties' resources; 4) and

facilitating the bankruptcy process. *Id.; see McGregor v. Asset Acceptance, LLC*, No. 1:15-MC-00143-RDP, 2015 WL 3751986, at *3 (N.D. Ala. June 16, 2015); *Ogier v. Johnson*, No. 1:13-CV-01490-WSD, 2013 WL 6843476, at *2 (N.D. Ga. Dec. 27, 2013); *In re Palm Beach Fin. Partners, L.P.*, No. 09-36379-PGH, 2013 WL 3490652, at *1 (S.D. Fla. July 8, 2013). Indeed, the Trustee cites to these factors in his brief. Doc. 318-1 at 8. Similarly, the Committee cites to these factors, but adds four additional ones for the court to consider: 1) whether the claim is core or non-core; 2) efficient use of judicial resources; 3) a jury demand; and 4) prevention of delay. Doc. 320 at 15-16 (citing *In re Childs*, 342 B.R. 823, 827 (M.D. Ala. 2006)). With the exception of the concern about forum shopping, all the factors the parties cite effectively ask whether withdrawing the reference promotes judicial efficiency.

With these factors as guidance, the court turns now to the specific contentions here. Basically, the Trustee argues that efficiency and the fact that the estate's only asset is this litigation favors withdrawal of the reference. As the Trustee puts it, (1) "administration of the estate is largely complete and the last unliquidated asset of the estate" is this litigation; (2) the "withdrawal of the reference will . . . . reduc[e] the number of Courts to which the Liquidating Trustee

3

is required to report, and, thereby preserve the estate's limited assets;"[1] and (3) streamlining the entire case into this court will "decrease confusion." Doc. 318-1 at 1-2, 8-9.

Although the Trustee's arguments are well taken, the existence of several core bankruptcy matters leads the court to conclude that withdrawal of the reference is inappropriate in this case. As the Committee notes, judicial efficiency is better promoted by allowing "bankruptcy judges, [who] handle these matters on a day-to-day basis" to continue to oversee this matter. Doc. 320 at 17-18. This finding is consistent with the Trustee's contentions that his "only remaining responsibilities are to (i) conclude this litigation (the estate's sole remaining unliquidated asset); (ii) determine and pay administrative expenses; (iii) distribute any remaining proceeds; and, (iv) provide a final accounting to close out the estate." Doc. 318-1 at 6. As this court sees it, these are precisely the types of issues that bankruptcy courts were created to oversee. *See* 28 U.S.C. § 157(b)(2) (defining "core proceedings" to include "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship").

---

[1] Basically, the Trustee maintains that he can reduce the estate's legal fees if the court withdraws the reference: "Legal fees and other administrative expenses in the bankruptcy case are significant," and "the ultimate distribution to creditors will be materially increased if he is only required to appear in a single court and that court which is most convenient for the Liquidating Trustee." Doc. 318-1.

Ultimately, the Trustee has the burden to show that withdrawal would primarily benefit the court, not merely some of the parties. *See In re Parklane/Atlanta Joint Venture*, 927 F.2d at 536 n.5. The Trustee has failed to do so here because, notwithstanding this court's familiarity with the proceedings for which the Trustee seeks compensation, the bankruptcy court is equally competent to resolve the issue of administrative fees. Therefore, because the remaining matters involve core bankruptcy proceedings, the court declines to withdraw the reference, and the Trustee's motion, doc. 318, is **DENIED**.

**DONE** the 16th day of February, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE